# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO: 16-60551-CIV-GAYLES

Perry Clinton Blank,

      Plaintiff,

v.

Jeh Johnson, Secretary Department
of Homeland Security, et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion for Summary Judgment
[ECF No. 23] and Plaintiff's Motion for Summary Judgment [ECF No. 34]. The Court has
considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the
premises. For the reasons set forth below, Defendants' Motion is **GRANTED** and Plaintiff's
Motion is **DENIED**.

## I.      BACKGROUND

Plaintiff Perry Clinton Blank ("Plaintiff"), a citizen of Canada, became a lawful
permanent resident of the United States in 1984. On January 20, 1995, the United States
Attorney's Office for the Southern District of Florida filed a one count Information charging
Plaintiff with violating 18 U.S.C. §§ 1014 and 2 by making a false statement upon a loan
application in the amount of $20,338.96. Plaintiff pled guilty, admitting that he made a false
statement in another individual's loan application for the purpose of influencing BankAtlantic

Federal Savings Bank.[1]  On September 27, 1995, United States District Judge Jose Gonzalez, Jr. entered the Judgment in Plaintiff's criminal case, adjudging Plaintiff guilty of making a false statement on loan application in violation of 18 U.S.C. § 1014. [ECF No. 1-14].  In the Judgment, Judge Gonzalez ordered restitution in the amount of $20,338.96.  While the Judgment is silent as to the total amount of loss, Judge Gonzalez adopted the factual findings and guideline application in the presentence report ("PSR").  The PSR details that the total amount of loss was $20,338.96. [ECF No. 25].

## Naturalization Proceedings

On December 12, 2013, Plaintiff submitted his form N-400 Application for Naturalization.  On March 3, 2015, the United States Citizenship and Immigration Service ("USCIS") denied Plaintiff's application, finding him ineligible for naturalization.  Specifically, USCIS found that Plaintiff's conviction under 18 U.S.C. § 1014 was an aggravated felony which precluded Plaintiff from becoming a naturalized citizen.  Plaintiff appealed, and on November 18, 2015, USCIS denied the naturalization appeal.

## Current Proceedings

On December 2, 2014, Plaintiff filed his Petition for Review of Denial of Application for Naturalization Pursuant to 8 U.S.C. § 1421(c) (the "Petition") [ECF No. 1].  In his Petition, Plaintiff asserts that USCIS erred in denying his application.   In particular, Plaintiff argues that his prior conviction does not constitute an aggravated felony.  On January 20, 2017, Defendants moved for Summary Judgment.  On February 13, 2017, Plaintiff moved for Summary Judgment.

---

[1]       In the loan application, Plaintiff represented that the loan applicant, John F. Campiglia, had monthly income in excess of $5,000, despite knowing that Mr. Campiglia had monthly income of approximately $2,000.

## II.     STANDARD OF REVIEW

Pursuant to Title 8, United States Code, Section 1421, a person whose application for naturalization is denied "may seek review of such denial before the United States district court for the district in which such person resides."  8 U.S.C. § 1421(c).  The district court must conduct a *de novo* review.  *Id.*

Plaintiff bears the burden "to show his eligibility for citizenship in every respect." *Berenyi v. District Director, Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967).  An applicant for naturalization must prove, by a preponderance of the evidence, that he meets all of the requirements for naturalization.  *See* 8 C.F.R. § 316.2(b).  The Court resolves any doubts about citizenship "in favor of the United States and against the claimant."  *Berenyi*, 385 U.S. 630 at 637.

## III.     DISCUSSION

One of the requirements for naturalization is that the applicant "is a person of good moral character." 8 U.S.C. § 1427(a).  A conviction for an aggravated felony categorically prevents an applicant from demonstrating good moral character. 8 U.S.C. § 1101(f)(8). The term "aggravated felony" encompasses many offenses, including those that "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i).  Accordingly, the Court reviews whether Plaintiff's conviction for making a false statement in a loan application involved fraud or deceit and resulted in over $10,000 in losses.

### A. Fraud or Deceit

Plaintiff argues that his conviction for making a false statement on a loan application in violation of 18 U.S.C. § 1014 does not include fraud or deceit as an element and therefore does not constitute an aggravated felony. The Court disagrees.

To determine whether an offense involves "fraud or deceit," the Court applies the "categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime." *Kawashima v. Holder*, 565 U.S. 478, 483 (2012). "If the elements of the offenses establish that [Plaintiff] committed crimes involving fraud or deceit, then the first requirement of Clause (i) [of 8 U.S.C. § 1101(a)(43)(m)] is satisfied." *Id.* While Clause (i) requires that a crime involve fraud or deceit to be considered an aggravated felony, it does not require that the words fraud or deceit be formal elements of the crime. *Id.* "Rather, Clause (i) refers more broadly to offenses that 'involv[e]' fraud or deceit – meaning offenses with elements that necessarily entail fraudulent or deceitful conduct." *Id.* at 483-84.

Plaintiff pled guilty to and was convicted of violating 18 U.S.C. § 1014, which required the Government to prove that (1) Plaintiff made a false statement or report (2) for the purpose of influencing a financial institution.[2] Plaintiff's conviction for making a false statement clearly and necessarily involves deceit. As the Supreme Court discussed in *Kawashima*, deceit means "the act or process of deceiving (as by falsification, concealment, or cheating)." *Id.* at 484 (quoting Webster's Third New International Dictionary 584 (1993)). Indeed, making false statements to influence another party is the epitome of deceit. *See Sampathkumar v. Holder*, 573 F. App'x 55, 57 (2d Cir. 2014) ("After review, we conclude that § 1014, under which

---

[2] The statute also prohibits willfully overvaluing land, property, or security – which is not at issue in this action.

Sampathkumar was convicted, involved deceit."). As a result, USCIS did not err in finding that Plaintiff committed a crime involving deceit.

Plaintiff argues that *Kawashima*, is no longer good law, citing to *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013). Plaintiff's argument is without merit. First, *Moncrieffe and Descamps* addressed the categorical approach under different provisions and in very different contexts. *See Moncrieffe,* 133 S. Ct. at 1678-1694 (addressing whether alien's state conviction for possession of marijuana with intent to distribute was aggravated felony under § 1101(a)(43)); *Descamps*, 133 S. Ct. at 2293 (addressing whether a modified categorical approach may be used to determine whether a crime was a violent felony within the meaning of the Armed Career Criminal Act). In addition, when recently discussing the categorical approach, the Supreme Court cited to *Kawashima*. *See Mathis v. United States,* 136 S.Ct. 2243, 2251 n. 2 (2016). Accordingly, *Kawashima* applies to this case and supports USCIS's findings.

### B. Loss to Victim

In contrast to the "fraud or deceit" inquiry, to determine whether Plaintiff's offense exceeds the $10,000 monetary threshold, an immigration court must examine the "particular circumstances in which an offender committed the crime on a particular occasion." *Nijhawan v. Holder*, 557 U.S. 29, 36 (2009). To do so, the ALJ may rely on sentencing documents including a petitioner's stipulation and a court's restitution order. *Id.* at 42-43. *See also Gulbalis v. Davidson*, No. 14-CV-22679, 2015 WL 1191231 at *5 (S.D. Fla. Mar. 16, 2015) (holding that USCIS could rely on a restitution order, incorporated into the judgment by reference, to determine amount of loss).

The Court finds that there is overwhelming evidence in this case that the amount of loss was $20,338.96. The Information to which Plaintiff pled guilty listed the amount of loss as $20,338.96. The PSR, prepared in advance of Plaintiff's sentencing, detailed that the total amount of loss for Plaintiff's criminal conviction was $20,338.96. At sentencing, Judge Gonzalez adopted the factual findings of the PSR and issued a Judgment ordering restitution in the amount of $20,338.96. The Court finds this is more than sufficient to establish that the amount of loss from Plaintiff's offense exceeds $10,000. Therefore, Plaintiff's conviction constitutes an aggravated felony and USCIS properly denied Plaintiff's application for naturalization.

## IV.    CONCLUSION

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [ECF No. 23] is **GRANTED** and Plaintiff's Motion for Summary Judgment [ECF No. 34] is **DENIED.** The Court will enter a separate judgment in favor of Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE